**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03573-NYW

NICOLE MANDELSTAM,

Petitioner,

v.

JUAN BALTASAR,
GEORGE VALDEZ,[1]
MARKWAYNE MULLIN, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. The Petition is fully briefed. *See* [Doc. 18; Doc. 19]. For the reasons set forth below, the Petition is respectfully **DENIED without prejudice and with leave to re-file**.

**BACKGROUND**

Petitioner Nicole Mandelstam ("Petitioner" or "Ms. Mandelstam") is a citizen of South Africa who has been present in the United States for over 40 years. [Doc. 1 at ¶ 1]. "On February 5, 2025, the Department of Homeland Security served Petitioner with a Notice to Appear, charging her as removable under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act based on a controlled substance conviction." [*Id.* at ¶ 2].

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted in as a Respondent as the current officeholder.

Her subsequent applications for cancelation of removal, asylum, withholding of removal, and protection under the Convention Against Torture were denied. [*Id.* at ¶¶ 3–4]. Ms. Mandelstam appealed the immigration judge's decision, and her appeal remains pending. [*Id.* at ¶¶ 5, 15]. Petitioner has been in ICE custody for over 18 months. [*Id.* at ¶ 5]. Neither the Petition nor Respondents' Response makes clear the specific statutory provision under which Petitioner is detained. *See* [*id.*; Doc. 18].

Upon review of the Petition, the Court respectfully concludes that it cannot grant any of the requested relief. First, in Claim Two, Petitioner alleges that the conditions of her confinement are unconstitutional. *See* [Doc. 1 at ¶¶ 58–59]. As Respondents point out, however, "federal claims challenging the conditions of . . . confinement generally do not arise under § 2241." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *accord Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). *See also Ndou v. Noem*, 833 F. Supp. 3d 1192, 1199 (D.N.M. 2026) ("[C]laims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition."). Petitioner has not demonstrated that Claim Two is cognizable in habeas.[2]

Claim Three is asserted under the International Covenant on Civil and Political Rights ("ICCPR"). [Doc. 1 at ¶ 68]. But habeas relief is generally available when a person is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and Petitioner provides no authority that rights under the ICCPR may be vindicated through a federal habeas proceeding. In other contexts, courts have

[2] Petitioner criticizes Respondents' "reliance on cases holding that generalized conditions of confinement claims ordinarily do not arise under 28 U.S.C. § 2241." [Doc. 19 at 6]. But it is Petitioner's burden to show that habeas relief is warranted; it is not Respondents' burden to demonstrate that habeas relief would be inappropriate. *See Nunez v. Carter*, No. 22-cv-01261-CNS, 2022 WL 17416658, at *1 (D. Colo. Dec. 5, 2022).

concluded that such relief is not available in habeas. *See Madden v. Holt*, 185 F. App'x 197, 198 n.2 (3d Cir. 2006); *Wesson v. U.S. Penitentiary Beaumont*, 305 F.3d 343, 348 (5th Cir. 2002); *Raymundo-Raxtun v. Rife*, No. 3:26-cv-00779, 2026 WL 1999240, at *5 n.14 (M.D. Pa. July 10, 2026). Without any argument, supported by legal authority, establishing that a person may assert a habeas claim based on the ICCPR, Petitioner has not demonstrated her entitlement to relief on Claim Three.

That leaves Claims One and Four. Claim One raises a violation of Petitioner's Fifth Amendment due process rights; it appears that Petitioner argues that her detention has become unconstitutionally prolonged. *See* [Doc. 1 at ¶¶ 52–54]. However, aside from stating that she has been detained for over 18 months, *see* [*id.* at ¶ 5], Petitioner raises no argument in support of her due process claim, *see* [*id.* at ¶¶ 52–54]. This lack of argument and precise facts precludes this Court's ability to rule on this claim, especially where neither Party has discussed the statute governing Petitioner's detention. For instance, if Petitioner is detained under 8 U.S.C. § 1226(c) based on her prior criminal conviction(s),[3] the Court would likely analyze whether Petitioner's detention has become unconstitutionally prolonged using the following six factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Martinez v. Ceja*, 760 F. Supp. 3d 1188, 1193 (D. Colo. 2024); *see also Daley v. Choate*, No. 22-cv-03043-RM, 2023 WL 2336052, at *2 (D. Colo. Jan. 6, 2023) (recognizing that

[3] Section 1226(c) mandates detention of noncitizens who have committed certain crimes. *See* 8 U.S.C. § 1226(c)(1); *Demore v. Kim*, 538 U.S. 510, 513 n.1 (2003).

"[a] number of Orders in this jurisdiction have set out a clear framework for analyzing" whether detention under § 1226(c) has become unconstitutionally prolonged). If Ms. Mandelstam takes the position that she is detained under § 1226(c), she does not address these factors, and the Court cannot make arguments on her behalf. *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011). If Petitioner takes the position that she is detained under some other statutory provision, that is not clear from her Petition, and she does not set forth any framework through which the Court should view her claim.

Finally, in Claim Four, Petitioner asserts that she "does not pose a danger to the community or a flight risk." [Doc. 1 at 23]. She argues that the "record before the Immigration Judge contains extensive, credible, and corroborated evidence of Petitioner's rehabilitation and present character" and that "[t]his evidence overwhelmingly rebuts any assertion of current dangerousness." [*Id.* at ¶ 73]. But Claim Four does not clearly assert a violation of any constitutional or federal statutory right. *See* [*id.* at ¶¶ 73–84]. Without clarity about the type of claim Petitioner brings, the Court cannot grant habeas relief. *See Iglili v. Baltazar*, No. 26-cv-01305-NYW, 2026 WL 1074107, at *3 (D. Colo. Apr. 21, 2026) (this Court denying habeas petition without prejudice where the petitioner's "claims and the legal bases therefor [were] not sufficiently clear"). And to the extent that Ms. Mandelstam is requesting that the Court substantively review a discretionary determination by an immigration judge, it is unlikely that this Court would have subject matter jurisdiction over such a request. *See* 8 U.S.C. § 1226(e).

For these reasons, the Petition is respectfully **DENIED without prejudice and with leave to re-file**. Should Petitioner choose to file an amended petition, she must

clearly set out her claims for relief and the legal grounds for each claim. Her claims must be supported by meaningful argument and legal authority demonstrating why her requested relief is appropriate.

Any amended petition shall be filed on or before **October 16, 2026**. The response shall be filed by **October 23, 2026**, and any reply shall be filed by **October 30, 2026**. If no amended petition is filed by **October 16, 2026**, the Court will direct the Clerk of Court to terminate this case.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED without prejudice and with leave to re-file**;

(2) Any amended petition shall be filed on or before **October 16, 2026**. The response shall be filed by **October 23, 2026**, and any reply shall be filed by **October 30, 2026**; and

(3) If no amended petition is filed by **October 16, 2026**, the Court will direct the Clerk of Court to terminate this case without any further warning.

DATED: September 25, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge