**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03573-NYW

NICOLE MANDELSTAM,

Petitioner,

v.

JUAN BALTASAR,
NATHAN RASPER,[1]
MARKWAYNE MULLIN, and
TODD BLANCHE,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Amended Petition"). [Doc. 21]. Respondents filed a response on October 23, 2026, [Doc. 22], and an amended response on October 27, 2026, [Doc. 23].[2] Petitioner did not file a reply, and the time to do so has elapsed. *See* [Doc. 20 at 5]. For the reasons stated in this Order, the Petition is respectfully **DENIED without prejudice**.

**DISCUSSION**

Petitioner Nicole Mandelstam ("Petitioner" or "Ms. Mandelstam") is a citizen of South Africa who has been present in the United States for over 40 years. [Doc. 21 at 1

[1] Pursuant to Fed. R. Civ. P. 25(d), Nathan Rasper is automatically substituted in as a Respondent as the current officeholder.

[2] Respondents did not seek or obtain leave of Court to file the amended Response out of time. Nevertheless, whether or not the Court considers the amended Response or disregards it, the Court's resolution of the Amended Petition would be the same.

¶ 1]. "On February 5, 2025, the Department of Homeland Security . . . served Petitioner with a Notice to Appear . . ., charging her as removable under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act . . . based on a controlled substance conviction." [*Id.* at 2 ¶ 2]. Her subsequent applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture were denied, and Petitioner appealed those denials. [*Id.* at ¶¶ 3–5]. On September 25, 2026, the Board of Immigration Appeals denied Petitioner's appeal. [*Id.* at ¶ 6]. She has been detained for over 20 months. [*Id.* at 3 ¶ 10].

Ms. Mandelstam filed an original habeas petition on August 6, 2026. [Doc. 1]. On September 25, 2026, the Court denied the original petition without prejudice and granted Petitioner leave to file an amended petition. [Doc. 20]. Petitioner did so, *see* [Doc. 21], and Respondents have responded, *see* [Doc. 23].

Petitioner argues that she is detained under 8 U.S.C. § 1226(c) and that her detention has become unconstitutionally prolonged. [Doc. 21 at 18–25 ¶¶ 1–22]. In the amended Response, Respondents assert that because Petitioner is subject to a final order of removal, she is detained under 8 U.S.C. § 1231, not § 1226(c). *See* [Doc. 23 at 1]. They argue that § 1231 "requires Petitioner's detention" because "the 90-day removal period has not yet expired, and Petitioner's continued detention is lawful." [*Id.* at 2]. Petitioner did not file a reply brief disputing Respondents' position.

Petitioner states in the Amended Petition that the BIA denied her appeal on September 25, 2026, [Doc. 21 at 2 ¶ 6], and she appears to acknowledge that this rendered the order of removal final, *see* [*id.* at 8 ¶ 2; *id.* at 22 ¶ 12]; *see also* 8 C.F.R. § 1241.1(a) (an order of removal become final "[u]pon dismissal of an appeal by the

Board of Immigration Appeals"). As of that date, Ms. Mandelstam is detained pursuant to 8 U.S.C. § 1231. *See Abedi v. Carter,* No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *14 (10th Cir. Oct. 21, 2026) (observing that the statute relevant to noncitizens subject to an order of removal from the United States is 8 U.S.C. § 1231); *Singh v. Blanche*, No. 26-cv-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) ("Because petitioner has a final order of removal, petitioner is detained under 8 U.S.C. § 1231(a), rather than 8 U.S.C §§ 1225 or 1226." (collecting cases)).

As this Court has previously explained, "when a noncitizen is ordered removed from the United States, the removal 'shall' occur within the next 90 days." *Hereira v. Baltazar*, No. 26-cv-03507-NYW, 2026 WL 3059517, at *2 (D. Colo. Oct. 13, 2026) (quoting 8 U.S.C. § 1231(a)(1)). This "removal period" is triggered from the date that an order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i); *see also Abedi*, 2026 WL 3149141, at *14 (observing that § 1231(a)(1)(A) establishes a ninety-day "removal period"). During this period, "the government is *required* to detain the noncitizen." *Abedi*, 2026 WL 3149141, at *14 (emphasis added) (citing 8 U.S.C. § 1231(a)(2)(A)).

Ms. Mandelstam has been detained pursuant to the September 25, 2026 final order of removal for approximately 40 days. She is therefore still within the 90-day mandatory detention period, as well as the presumptively reasonable six-month period under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Accordingly, the Amended Petition is respectfully **DENIED without prejudice**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 21] is **DENIED without prejudice**; and

(2) The Clerk of Court is **DIRECTED** to enter judgment in favor of Respondents and terminate this case.

DATED: November 3, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge